UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FREDERICK W. DENNERLINE, III, and | ) | |
| FILLENWARTH DENNERLINE GROTH & | ) | |
| TOWE, | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | 1:05-cv-1564-LJM-WTL |
| | ) | |
| PRONATIONAL INSURANCE COMPANY, | ) | |
|       Defendant. | ) | |

### ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

Plaintiffs, Frederick W. Dennerline, III, and Fillenwarth Dennerline Groth & Towe (collectively, "the Lawyers"), have moved for reconsideration of the Court's April 17, 2006, Order dismissing this action without prejudice. The Lawyers present two bases as to why reconsideration should be granted. They first argue that this Court was confused about or misunderstood the holding of the Indiana Supreme Court's decision in *Monroe Guaranty Insurance Co. v. Magwerks Corp.*, 829 N.E.2d 968 (Ind. 2005). Alternatively, the Lawyers suggest that reconsideration should be granted so that this Court can certify certain state law questions regarding negligent or bad faith handling of a claim and negligent or bad faith failure to settle a claim. Defendant, ProNational Insurance Company ("ProNational"), naturally argues that reconsideration is inappropriate and charges the Lawyers with filing a frivolous motion. ProNational also requests that the Court sanction the Lawyers and award attorney fees incurred responding to the motion to reconsider.

This Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1985). Thus, motions to reconsider are rarely appropriate and should be presented only when the

law or facts change significantly after the issue is presented to the Court, the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Moreover, such motions should not be serve as a vehicle for tendering new legal theories for the first time or for undoing a party's own procedural failures. *See Manor Healthcare Corp. v. Guzzo*, 894 F.2d 919, 922 n. 4 (7th Cir. 1990); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

The Lawyers arguments are not well taken. In *Magwerks Corporation*, the plaintiff argued that the duty to deal in good faith included the "manner of handling" a claim. *See Magwerks Corp.*, 829 N.E.2d at 976. Neither party elaborated on this point, and the Indiana Supreme Court expressly declined to do so. *See id.* Instead, it reasserted and relied on its earlier observations from *Erie Insurance Co. v. Hickman*, 622 N.E.2d 515 (Ind. 1993), regarding the extent of an insurer's obligations to its insured. *See id.* The Indiana Supreme Court had delineated those obligations as follows: an insurer has an "obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." *Hickman*, 622 N.E.2d at 519. The Indiana Supreme Court then went on to address whether the insurer had acted in bad faith by refusing to pay the policy proceeds, and it concluded that the jury could have reasonably reached a conclusion that the insurer did act in bad faith. *Magwerks Corp.*, 829 N.E.2d at 976-77.

Contrary to the Lawyers' assertion, the Court was not confused about the Indiana Supreme Court's decision. The Indiana Supreme Court has not recognized bad faith handling of a claim or

2

expanded the obligations that it set forth in *Hickman*. As the Court stated in its April 17, 2006, Order, the Lawyers have directed the Court to no Indiana cases that support their view. Nor do the obligations in *Hickman* benefit the Lawyers in this case. Specifically, there is no allegation that ProNational has refused to pay proceeds or delayed in making payment, has deceived the Lawyers, or has pressured the Lawyers to make a settlement. Instead, ProNational has defended and continues to defend the Lawyers in the malpractice case. Finally, *Magwerks Corporation* itself is distinguishable as it involved a justiciable case with ascertainable damages and a refusal to pay proceeds to cover those damages (which involves an obligation that is recognized by *Hickman*). As the Court has already discussed in its April 17, 2006, Order, this is not the case here.

Further, the Lawyers do not present any new evidence for the Court's consideration. Their only "new" evidence is the Towe Affidavit. Contrary to the Lawyer's belief, however, the Court was well aware of the affidavit.[1] Indeed, ProNational had moved to strike the affidavit on the basis that several statements were hearsay and inadmissible. The admissible portions of that affidavit do not factor into the Court's decision that this case is not yet ripe. The Lawyers claims depend on showing not only a breach of a duty, but that the breach proximately caused actual damages. As the Court already determined, judging the extent of actual damages from the handling of the malpractice case, if any, is still too speculative at this point.

Likewise, the Court sees no reason to reconsider its Order on the Lawyers' failure to settle claim, which the Lawyers discuss apparently as a fall-back provision. The Lawyers suggest that this

---

[1] The Court was also aware of the insurance policy attached to the Complaint. Though the parties do not discuss the policy, the Court noted with some interest that Section 7.1.1 specifically provides that no action lies against ProNational unless the Lawyers have fully complied with the terms of the policy and the amount of the Lawyers' obligation to pay has been finally determined by judgment after trial or by written agreement.

case is ripe for review because one of the things that they sought was a declaration that ProNational is responsible for any excess verdict in the malpractice case. However, there is not yet an excess verdict, and no injury in fact. Further, even if an excess verdict is ultimately entered, the Court could not issue the declaration that the Lawyers seek because the contingency of an excess verdict does not mean that ProNational would be liable. The Lawyers would still have to show *bad faith* in refusing to settle a case that is still ongoing in state court. *See Econ. Fire & Cas. Co. v. Collins*, 643 N.E.2d 382, 385-86 (Ind. Ct. App. 1994), *reh'g and trans. denied*. It would be inappropriate for this Court to issue what in a sense would be an advisory opinion to make clear what the law already provides if the Lawyers can prove their case.[2]

Alternatively, the Lawyers seek to resurrect their case by requesting that the Court certify several questions regarding negligent or bad faith handling of a claim and negligent or bad faith failure to settle a claim. The Court is disinclined to entertain the Lawyers' eleventh hour request so as to undo their own procedural shortcomings. The Indiana Supreme Court's decision in *Magwerks Corp.* was handed down over four months before the Lawyers filed their Complaint. Further, the parties discussed its applicability to the facts of this case in their briefs. If the Lawyers were concerned about the state of Indiana law, they had ample opportunity to seek clarification of the questions that they now wish certified before a decision was rendered on the motion to dismiss. Finally, as ProNational notes, even certifying the Lawyers' questions at this late hour will not be

---

[2] The Court is also not persuaded by the Lawyers' reference in their reply brief to the considerations in *Bankers Trust Co. v. Old Republic Insurance Co.*, 959 F.2d 677 (7th Cir. 1992). That case is inapposite as it dealt with the duty to indemnify for an actual and ascertainable loss.

dispositive in this case because the Lawyers would still need to demonstrate a breach and actual damages.

The Court's decision that this case is not ripe should not be taken as condoning any behavior that ProNational has allegedly undertaken or a suggestion that ProNational has acted in good faith; the Lawyers may yet have a case against ProNational, and this is the reason the dismissal was without prejudice. The Court is not persuaded by the Lawyers' arguments that reconsideration is warranted. However, the Court is unwilling to sanction the Lawyers by awarding ProNational attorney fees.

For the foregoing reasons, the Lawyers' Motion to Reconsider Order of Dismissal and Alternative Motion to Certify Questions of State Law is **DENIED**. The Court also **DENIES** ProNational's request for attorney fees.

IT IS SO ORDERED this 16th day of May, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com