UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FREDERICK W. DENNERLINE, III, and FILLENWARTH DENNERLINE GROTH & TOWE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:05-cv-1564-LJM-WTL |
| PRONATIONAL INSURANCE COMPANY, Defendant. | ) ) ) | |

### ORDER ON INTERVENOR'S MOTION TO UNSEAL AFFIDAVIT

This cause is before the Court on Intervenor's, Elizabeth A. Lovette in her capacity as the Special Deputy Liquidator of the Indiana Construction Industry Trust ("Liquidator"), Motion to Unseal Affidavit of Fred O. Towe.  Liquidator is the plaintiff in the underlying malpractice case pending in state court against Frederick W. Dennerline, III, and Fillenwarth Dennerline Groth & Towe (collectively, "the Lawyers").  Liquidator contends that the affidavit should be unsealed because the Lawyers cannot satisfy the standard for sealing the document.  Liquidator further argues in her reply brief that the Lawyers have waived any claim of privilege by filing the affidavit.

In civil litigation, information covered by a privilege, such as the attorney-client privilege, is entitled to be kept secret.  *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).  Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged.  *See Union Oil. Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).  The good cause determination, when satisfied, protects only those portions of the document for which good cause has been shown.  *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).  If a party does identify specific, genuine confidential material within documents concealed by a

protective order, a court may nevertheless place the documents in the public record following redaction of the confidential material. *See id.* If a party does not show good cause to justify the ongoing concealment of certain information, a protective order may be dissolved or modified to unseal that information. *See Leavell*, 220 F.3d at 568.

Here, when the Lawyers requested that the affidavit be sealed they alleged that disclosure of its contents would prejudice their defense in the underlying malpractice suit and render public information that Liquidator would not otherwise be entitled to discover. ProNational Insurance Company ("ProNational") objected to the affidavit on relevancy and admissibility grounds, but it otherwise agreed with the Lawyers' assertions. Now, in response to Liquidator's motion to unseal the affidavit, the Lawyers and ProNational maintain that the affidavit and its contents should remain sealed because of the privileged communications contained therein.

Turning to the affidavit and its attached exhibits, the Court finds, as it did when it first granted the request to seal the affidavit, that the bulk of the statements in the affidavit and the attached exhibits contain confidential information. Specifically, the affidavit discusses confidential communication between the Lawyers' counsel and ProNational regarding mental impressions of and strategy for the malpractice suit. The affidavit also contains information related to negotiations that occurred during confidential mediation sessions. The Court concludes that such information should remain under seal because the information is privileged and disclosure could prejudice the Lawyers' and ProNational's rights in the malpractice lawsuit, thereby giving Liquidator an unfair advantage in that case by providing information that Liquidator would not normally be entitled to receive otherwise. The Court concludes that the Lawyers' and ProNational's interest in keeping this information sealed outweighs the public's interest of disclosure.

Further, the Court rejects Liquidator's contention that the Lawyers have waived any claim of privilege by filing the affidavit and attached exhibits. The Lawyers did not disclose the information to the public and the Court permitted the affidavit to be filed under seal, thereby enabling the Lawyers to litigate their dispute with ProNational without fear of harming their interests in the underlying malpractice suit. Liquidator does not direct the Court to any case that would support its contention that the Lawyers somehow waived any claim of privilege by seeking to file the affidavit under seal.

While the Court finds that the majority of the information contained in the affidavit and attached exhibits should remain sealed, not everything in the affidavit and attached exhibits is confidential. Certain portions of the affidavit relate to background information on the underlying malpractice case. In addition, as the Lawyers note, Exhibits A, D, and E are copies of letters either to or from Liquidator's counsel. The Lawyers present no reason for keeping those letters sealed and, in fact, have agreed to provide them to Liquidator's counsel. Finally, there are some statements in the affidavit that are not covered by the attorney-client privilege or that the Lawyers have otherwise failed to demonstrate should remain sealed. Therefore, the Court concludes that the following portions of the affidavit will be unsealed: paragraphs 1-8, 12, 15, and 18; the first sentence of paragraph 25 ("In this time frame Judge Sosin had ordered yet another mediation in the case for September 9, 2005."); the second sentence of paragraph 26 ("However, Mr. Levin did send a letter to Mr. Price and Mr. Cohen before mediation indicating that one claim against Mr. Dennerline post-dated all of the co-defendant's conduct and alleged an exposure of Ten Million to Twelve Million Dollars to Frederick Dennerline III 'and his partners.'"); the second, third, and fourth sentences of paragraph 29 ("This suit was filed in Marion Superior Court on October 3, 2005 and Price sought

and received an Order shortening time for ProNational to reply to a document request to October 17, 2005. One that day, ProNational filed its Notice of Removal rendering the Order moot. We never received the requested information."); paragraphs 30, 33-39; and Exhibits A, D, and E.

Based on the foregoing, the Court **GRANTS in part and DENIES in part** the Liquidator's Motion to Unseal Affidavit of Fred O. Towe. The Court directs the Lawyers to file a redacted version of the affidavit and attached exhibits containing the information outlined above.

IT IS SO ORDERED this 7th day of June, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Gary P. Price
LEWIS & KAPPES
gprice@lewis-kappes.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com